## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

SULAIMAN ISMAIL,                          :

          Plaintiff          :        CIVIL ACTION NO. 3:22-932

    v.                                 :            (MANNION, D.J.)
                                 (ARBUCKLE, M.J.)

COMMONWEALTH OF                           :
PENNSYLVANIA, *et al.*,
                                 :

          Defendants          :

## O R D E R

Pending before the court is the report of Magistrate Judge William I. Arbuckle, which recommends that the plaintiff's amended complaint (Doc. 7) be dismissed in part pursuant to 28 U.S.C. §1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted. (Doc. 9). The plaintiff has failed to file objections to the report and recommendation of Judge Arbuckle.

Where no objection is made to a report and recommendation, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; see also *Univac Dental Co. v. Dentsply Intern., Inc.*, 702 F.Supp.2d 465, 469 (M.D.Pa. 2010) (citing *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every report and recommendation)).

Nevertheless, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.

By way of relevant background, the plaintiff's amended complaint alleges that on February 18, 2021, officers of the Kingston and Wilkes-Barre Police Departments and Detective R. Miller conducted a warrantless search of his home and warrantless seizure of his property. The plaintiff's amended complaint sets forth claims under 18 U.S.C. §242, 42 Pa.C.S. §5803, and 42 U.S.C. §1983.

In reviewing the plaintiff's claims, Judge Arbuckle recommends that the plaintiff's allegations under 18 U.S.C. §242 fail to state a claim and his complaint should be dismissed in this regard.[1] Specifically, Judge Arbuckle notes that §242 is a criminal statute and that the plaintiff can neither bring federal criminal charges, nor seek relief ordering the criminal prosecution of the defendants.

---

[1] Both the plaintiff's original and amended complaints were screened by Judge Arbuckle and the plaintiff was given the opportunity to file a second amended complaint to potentially cure any deficiencies. (Doc. 6, Doc. 8). The plaintiff failed to file either a second amended complaint or an extension of time to do so. Therefore, any allowance to amend at this point is deemed futile.

- 2 -

Judge Arbuckle further recommends that the plaintiff's allegations under 42 Pa.C.S. §5803, which governs asset forfeiture in Pennsylvania, also fail to state a claim and should be dismissed. Specifically, Judge Arbuckle notes that the plaintiff's amended complaint alleges only that "the Commonwealth said their claim of Forfeiture condemnation under Title 42 chapter 58, controlled Substance Forfeiture 5802," and "after this raid I did not hear from the Commonwealth for one year concerning this situation and still no Judge has been assigned to this case." Judge Arbuckle finds that these allegations provide insufficient information about any forfeiture in order to set forth a state law claim under §5803 itself. Moreover, he finds them insufficient to set forth a claim under 42 U.S.C. §1983, as any such claim requires the deprivation of a federally protected right and §5803 does not confer any federal rights upon the plaintiff.

Next, Judge Arbuckle provides that the plaintiff asserts a Fourth Amendment unreasonable search and seizure claim under §1983 against the Kingston and Wilkes-Barre Police Departments and defendant Miller in his official capacity without adequately alleging a municipal liability claim under *Monell v. Dept. of Soc. Servs. Of City of New York*, 436 U.S. 658 (1978). As such, Judge Arbuckle recommends that this claim be dismissed for failure to state a claim upon which relief can be granted as well. However,

- 3 -

Judge Arbuckle finds that the plaintiff does state a sufficient claim for a Fourth Amendment violation under §1983 against defendant Miller in his individual capacity. As such, Judge Arbuckle recommends that this claim be allowed to proceed.

Finally, Judge Arbuckle notes the plaintiff's attempt to state a conspiracy claim under §1983 without sufficient factual allegations to support such a claim. On this basis, Judge Arbuckle recommends that the conspiracy claim be dismissed as well.

Upon review of Judge Arbuckle's report and recommendation, the court finds no clear error of record. Moreover, the court agrees with the sound reasoning which led Judge Arbuckle to his conclusions. As such, the court will adopt Judge Arbuckle's report in its entirety.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

**(1)** The report and recommendation of Judge Arbuckle **(Doc. 9)** is **ADOPTED IN ITS ENTIRETY** as the decision of the court.

**(2)** With the exception of the plaintiff's Fourth Amendment §1983 claim against defendant Miller in his individual capacity, the plaintiff's amended complaint **(Doc. 7)** is **DISMISSED,** without leave to amend, pursuant to 28 U.S.C. §1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted.

- 4 -

**(3)** The Clerk of Court is **DIRECTED TO TERMINATE** the Kingston and Wilkes-Barre Police Departments as defendants in this action.

**(4)** The Clerk of Court is **DIRECTED** to send the waiver packet (AO 398 and 399) and a copy of the amended complaint (Doc. 7), along with a copy of Judge Arbuckle's report and recommendation (Doc. 9) and this court's order (Doc. 10) to defendant Miller.

**(5)** The instant action is **REMANDED** to Judge Arbuckle for all future pre-trial matters.

**MALACHY E. MANNION**
**United States District Judge**

**DATE: February 28, 2023**
22-932-01

- 5 -